UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony THOMAS, Defendant–
Appellant.

No. 91–1699.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 17, 1991.

Decided Feb. 6, 1992.

James L. Santelle, R. Jeffrey Wagner (argued), Maxine A. White, Asst. U.S. Attys., Milwaukee, Wis., for plaintiff-appellee.

Gregory R. Parr (argued), Milwaukee, Wis., for defendant-appellant.

Before POSNER, FLAUM and RIPPLE, Circuit Judges.

POSNER, Circuit Judge.

This case presents a subtle issue concerning "upward departures" from sentences under the federal sentencing guidelines. Anthony Thomas, a convicted felon, was arrested at a house reputed to be a drug establishment operated by a Milwaukee

street gang known as the Brothers of the Struggle. The house was full of firearms and drug paraphernalia, and when arrested Thomas had on his person a gun and six grams of cocaine. He was convicted of being a felon in possession of a firearm and of possessing six grams of a controlled substance. The sentencing range for the firearm offense under the federal sentencing guidelines was 18 to 24 months but the judge departed upward to sentence Thomas to 36 months, to which the judge added 12 months for the drug offense.

█ We reversed the sentence in an unpublished order (Oct. 15, 1990), 915 F.2d 1575, finding that the judge had not adequately explained his reasons for the upward departure. On remand the judge sentenced Thomas to 48 months for the firearm offense, and again to 12 months for the cocaine offense but this time the cocaine sentence was to run concurrent with the firearm sentence rather than consecutive to it. Thomas again appeals, raising a number of issues only one of which has sufficient merit to warrant discussion. It is whether the upward departure was adequately justified. The judge based his action on section 5K2.9 of the guidelines, which provides that "if the defendant committed the offense in order to facilitate or conceal the commission of another offense, the court may increase the sentence above the guideline range to reflect the actual seriousness of the defendant's conduct." The judge found that Thomas had carried a firearm in order to facilitate a more serious offense, that of maintaining a drug house, which 21 U.S.C. § 856 forbids. Had Thomas been charged with and convicted of that offense, the guidelines range would have been 41 to 51 months. It is apparent that the judge endeavored to pick a point in that range. Actually he exceeded it, because the range is for the *combination* of the drug-house offense and the cocaine offense, and he gave Thomas an extra 12 months for the latter, which he shouldn't have done even though it was a concurrent sentence. U.S. Sentencing Guidelines § 3D1.4 and Application Note 2; *United States v. White*, 888 F.2d 490, 496 (7th Cir.1989).

█ Thomas was not charged with or convicted of maintaining a drug house, and there are obvious but perhaps superficial objections to convicting a defendant of one crime and sentencing him for another. *United States v. Ferra*, 900 F.2d 1057, 1062 (7th Cir.1990), interprets the guidelines to permit this, in recognition of the fact that the task in sentencing is to pick a sentence within the statutory range, and the defendant's other criminal conduct is highly relevant to that task. But the assumption in *Ferra* was that the defendant had committed the other crimes that influenced the sentence for the crime with which he was charged, while it is profoundly unclear whether Thomas maintained a drug house. The drug-house statute is broadly worded but appears to be aimed, like the drug-kingpin statute, at persons who occupy a supervisory, managerial, or entrepreneurial role in a drug enterprise, or who knowingly allow such an enterprise to use their premises to conduct its affairs. *United States v. Martinez–Duran*, 927 F.2d 453, 457–58 (9th Cir.1991); *United States v. Tamez*, 941 F.2d 770, 773–74 (9th Cir.1991); *United States v. Chen*, 913 F.2d 183, 190 (5th Cir.1990); *United States v. Roberts*, 913 F.2d 211, 220–21 (5th Cir. 1990). Only *United States v. Williams*, 923 F.2d 1397, 1403–04 (10th Cir.1990), holds, but without discussion, that a "substantial connection," which the court defined as presence at the drug house other than as a casual drug user, plus services performed for the house, is enough for guilt under section 856. The government's own brief characterizes Thomas as a "guard" of the drug house. That doesn't sound like a supervisory, managerial, or entrepreneurial role—which is undoubtedly why at argument the government characterized Thomas's role as that of an aider or abettor of a drug-house manager, and hence a violator of the federal aider and abettor statute rather than of section 856 directly. But when a statute singles out a supervisor for more severe punishment than his underlings, the government cannot use the aider or abettor statute to punish the underlings (that is, the persons super-

vised, as distinct from other potential aiders and abettors, such as a corrupt policeman) as severely as the supervisor. *United States v. Pino–Perez*, 870 F.2d 1230, 1231–32 (7th Cir.1989) (en banc). That would defeat the substantive statute's objective.

It is true that the "drug house" statute reaches lessors, who ordinarily would be (at most) aiders and abettors. *United States v. Giovannetti*, 919 F.2d 1223, 1227 (7th Cir.1990). But this does not allow the government to sweep in the lessor's rental agent or janitor—or coming closer to this case, security guard—under the aider and abettor concept, as in effect the government is trying to do here. For again that would be punishing the person supervised as heavily as the supervisor.

Thomas could, however, be viewed as having in his role as drug-house guard "facilitated" the management of the drug house. That would warrant an upward departure under section 5K2.9. But it would not, without more, warrant punishing Thomas as severely as the manager, which is what the district judge appears to have done. So drastic an upward departure has not been justified. Once again, therefore, the sentence must be vacated, and the case remanded for resentencing in conformity with the principles set forth in this opinion.

■ At the sentencing hearing that followed our previous decision, the judge said he was in a foul mood because he didn't like to redo sentences, didn't like our handling of the first appeal, and didn't like the guidelines. He would hardly like to see the case a third time, but a more important consideration is that, given what he has said, it would be exceedingly difficult to convince Thomas that he can receive justice in sentencing at the hands of this judge. A civilized society insists that the forms of justice, of which judicial detachment, impartiality, and equanimity are central, be visibly maintained in its courts. Thomas is entitled to be resentenced by a different judge, and we so direct. 7th Cir.R. 36; *United States v. Connor*, 950 F.2d 1267 (7th Cir.1991); see generally *United States v. Borrero–Isaza*, 887 F.2d 1349, 1356–57 (9th Cir.1989) (per curiam).

REVERSED AND REMANDED, WITH INSTRUCTIONS.